ALTENBERND, Judge,
Concurring.
I concur in this opinion with two observations. First, even if the agreements contained a clear and unambiguous provision requiring mandatory arbitration of a foreclosure action, I am not entirely convinced that I understand how the parties would accomplish that feat without returning to the circuit court for a judgment. A foreclosure action, as regulated by chapter 702 of the Florida Statutes, results in a standard form judgment. See Fla. R. Civ. P. Form 1.996. That judgment often forecloses the rights of lienholders who are not signatories to the promissory note, guarantee, or other contracts between the parties that may contain arbitration agreements. It also orders the clerk of court to sell the property. I cannot conceive of a method by which arbitrators can order a public sale by the clerk that forecloses the rights of third parties.
Although we have ordered the trial court to stay litigation in counts II and III on remand, permitting the court to proceed with the foreclosure proceeding, it seems to me that the monetary amounts that must be determined for use in the final judgment of foreclosure are the same amounts that will be determined in the arbitration. If that is the case, it would seem that the legal dispute between these parties should be resolved in arbitration and the matter then confirmed by judgment in circuit court pursuant to section 684.24, Florida Statutes, in a final judgment that incorporates the provisions of a foreclosure judgment, providing due process to any other lienholders. On the other hand, if there is a junior lienholder who has an interest in the determination of these amounts, that may add another complication.